UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In the Matter of NATIONAL MAINTENANCE & REPAIR, INC., *as owner pro hac vice of spudded crane barge BB-1 for exoneration from or limitation of liability*,<br><br>Plaintiff. | Case No. 09-cv-671 |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Shannon Blair and Robert Vandygriff's Motions (Docs. 17, 22) to dissolve the Court's injunction and to abstain from this matter pending state court determination of liability and damages. On September 11, 2009, the Court enjoined all claims and proceedings against Plaintiff National Maintenance & Repair, Inc. (hereinafter "National Maintenance") with respect to an incident involving its barge, BB-1, on July 20, 2009, except in this Court. Blair and Vandygriff now seek dissolution of said enjoinment so that they may pursue claims against National Maintenance in state court.

The Seventh Circuit has held that a district court should dissolve an injunction under the Limitation of Liability Act and abstain from determining liability in cases involving said Act in two instances. *See In re Complaint of McCarthy Bros. Co./Clark Bridge*, 83 F.3d 821, 831 (7th Cir. 1996). The first instance is "if the value of the limitation fund, which represents the value of the vessel and its cargo, exceeds the aggregate of the *total number of claims* against the owner." *Id*. (emphasis added); *see also Lake Tankers Corp. v. Henn*, 354 U.S. 147, 154 (1957). The other instance is "where a single claimant brings an action against the shipowner seeking damages in excess of the value of the limitation fund . . . so long as the claimant makes stipulations adequate to protect the shipowner's rights under the Limitation [of Liability] Act." *McCarthy Bros.*, 83

F.3d at 831; *see also Lagnes v. Green*, 282 U.S. 531, 541 (1931).  Even cases involving multiple claimants may take advantage of this second circumstances if certain stipulations are made amongst *all* claimants.  *See In re Ill. Marine Towing, Inc.*, 498 F.3d 645, 650 (7th Cir. 2007).

Here, on September 11, in addition to the aforementioned injunction that Blair and Vandygriff now seek to dissolve, the Court ordered that all persons asserting claims in this matter must do so with this Court by November 30, 2009.  First, it cannot go unnoticed that neither Blair and Vandygriff have actually filed claims with this Court.  Further, since both avenues to dissolution and abstention require consideration of *all* claimants, Blair and Vandygriff should not and cannot demand such actions from this Court until all potential claimants are given full opportunity to assert their claims.  The Court need not consider the sufficiency of Blair and Vandygriff's stipulations under the *Lagnes* pathway due to the prematurity of their current motions.

For the foregoing reasons, the Court **DENIES** the instant motions (Docs. 17, 22).

**IT IS SO ORDERED.**
**DATED: October 27, 2009**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
