UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In the Matter of NATIONAL MAINTENANCE & REPAIR, INC., *as owner pro hac vice of spudded crane barge BB-1 for exoneration from or limitation of liability*,<br><br>          Plaintiff,<br><br>          v.<br><br>SHANNON L. BLAIR and ROBERT VANDYGRIFF,<br><br>          Claimants. | Case No. 09-cv-671 |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Claimant Shannon Blair's (hereinafter "Blair") Motion (Doc. 34) and Claimant Robert Vandygriff's (hereinafter "Vandygriff") Motion (Doc. 39) and Memorandum (Doc. 40) to dissolve the current injunction in this case. Plaintiff National Maintenance & Repair, Inc. ("hereinafter "National Maintenance") filed a Memorandum (Doc. 35) in opposition to Blair's motion, and Blair subsequently submitted a Supplement (Doc. 36) and Memorandum (Doc. 37) to further support her motion. Vandygriff filed a Supplement (Doc. 41) to his motion and memorandum as well. While the response period has yet to run on Vandygriff's motion, the Court takes it up now due to its obvious interrelation with Blair's motion.

As a preliminary matter, the Court notes that neither Blair nor Vandygriff obtained leave of this Court in supplementing their motions. *See* S.D. Ill. R. 7.1(g). ("If a party believes it is necessary to supplement its brief with new authority due to a change in the law or the facts that occurred after the filing of its brief, the party *must* seek leave of court to file a supplemental

brief.") (emphasis added). Despite such failure, the Court deems Blair and Vandygriff's supplements to be appropriately submitted, and they will be considered in the Court's analysis. Nevertheless, the Court reminds the two to seek such leave in the future lest future submissions be stricken.

On September 11, 2009, the Court enjoined all claims and proceedings against National Maintenance with respect to an incident involving its barge, BB-1, on July 20, 2009, except in this Court. (*See* Doc. 9). Blair and Vandygriff now seek dissolution of said enjoinment so that they may pursue their claims against National Maintenance in state court.

The Seventh Circuit has held that a district court should dissolve an injunction under the Limitation of Liability Act and abstain from determining liability in cases involving said Act in two instances. *See In re Complaint of McCarthy Bros. Co./Clark Bridge*, 83 F.3d 821, 831 (7th Cir. 1996). The first instance is "if the value of the limitation fund, which represents the value of the vessel and its cargo, exceeds the aggregate of the total number of claims against the owner." *Id.*; *see also Lake Tankers Corp. v. Henn*, 354 U.S. 147, 152-54 (1957). This has not been alleged in the case currently before the Court. The other instance is "where a single claimant brings an action against the shipowner seeking damages in excess of the value of the limitation fund . . . so long as the claimant makes stipulations adequate to protect the shipowner's rights under the Limitation [of Liability] Act." *McCarthy Bros.*, 83 F.3d at 831; *see also Lagnes v. Green*, 282 U.S. 531, 541 (1931). Even cases involving multiple claimants may take advantage of this second circumstance if certain stipulations are made amongst all claimants. *See In re Ill. Marine Towing, Inc.*, 498 F.3d 645, 650 (7th Cir. 2007). These stipulations include claimants' recognition of the sufficiency of the shipowner's stipulation for value, waiver of any *res judicata*

claim as to the issue of limited liability based on a state court judgment, and concession of the shipowner's right to litigate the limitation issue in federal court. *See Id.* at 653.

Here, Blair and Vandygriff have submitted two sets of stipulations. The first set serves as an attachment to Blair's motion. (*See* Doc. 34-1). The second was filed as a supplement to both claimants' motions due to the purported insufficiency of the first set. (*See* Docs. 36, 41).

The first issue before the Court is whether Blair and Vandygriff's initial set of stipulations sufficiently protects the interests of the parties and recognizes the jurisdiction of this Court, necessitating dissolution of the injunction. Blair and Vandygriff cite to *McCarthy Brothers* for the proposition that stipulations need only include waiver of any *res judicata* claim from the state court on the issue of limited liability and recognition of the federal court's exclusive jurisdiction as to all issues concerning limitation of liability. *See McCarthy Bros.*, 83 F.3d at 831-32. Although *McCarthy Brothers* appears to still represent good law, the Court notes that it was decided eleven years before *Illinois Marine Towing*, which promulgated the other stipulations discussed *supra*, and involved a single claimant, rendering it distinguishable from the case at bar. The Court will therefore require of Blair and Vandygriff the *Illinois Marine Towing* stipulations; thus, the first set of stipulations is insufficient due to its failure to stipulate that Blair and Vandygriff will not seek liability beyond the limitation fund if and when this Court deems such limitation appropriate.

Meanwhile, the subsequent identical set of stipulations, submitted individually by the claimants, adds to the obligations of Blair and Vandygriff and addresses the aforesaid concerns of *Illinois Marine Towing*. Accordingly, the Court is satisfied that the stay in this matter should be modified and largely dissolved.

For the foregoing reasons, the Court **GRANTS** the instant motions (Docs. 34, 39) and **DISSOLVES its injunction entered on September 11, 2009** (*See* Doc. 9)**, excepting the limitation of liability issue, which continues to be the domain of this Court**.

**IT IS SO ORDERED.**
**DATED: January 12, 2010**

<u>s/ J. Phil Gilbert</u>
**J. PHIL GILBERT**
**DISTRICT JUDGE**